JOHNSTON, Executor, *vs.* FORT, Adm'r.

[APPEAL FROM DECREE OF PARTIAL DISTRIBUTION.]

1. *When partial distribution cannot be had.*—A widow, who has dissented from her husband's will, cannot petition the probate court, after the expiration of eighteen months from the probate of the will, for her distributive share of the estate ; nor can her administrator.
2. *Refunding bond necessary in case of partial distribution.*—It is error in the probate court to decree partial distribution without requiring the execution of a refunding bond.
3. *Appeal from decree of partial distribution.*—An appeal does not lie, in favor of the personal representative, from a decree of partial distribution.
4. *Joinder in error does not cure want of jurisdiction.*—When the appellate court has no jurisdiction of the appeal, because it is sued out in a case which the statute does not authorize, a joinder in error is not a waiver of the defect.

Appeal from the Probate Court of Pickens.

The appellee, as the administrator of Mrs. Winfred J. Stapp, deceased, who was the widow of Jesse Stapp, deceased, petitioned the probate court to set apart to him his intestate's distributive share of her husband's estate ; alleging, that the will of said Jesse Stapp was admitted to probate on the 29th December, 1852, and letters testamentary were on the same day granted to Robert T. Johnston ; that the widow dissented from the will, within the time allowed by law, and afterwards died ; that more than eighteen months have elapsed since said letters testamentary were granted, and that the assets in the hands of the executor are more than sufficient to pay all the debts and prior claims against the estate. In his answer to the application, the executor insisted, among other things, that the probate court had no jurisdiction of the case made by the petition. The court held, that it had jurisdiction, and appointed commissioners to set apart to the petitioner his intestate's distributive share of the slaves belonging to the estate. The executor excepted to the ruling and action of the court, and now assigns the same as error.

R. T. JOHNSTON, *pro se.*

S. F. HALE, *contra.*

STONE, J.—The present was not a case of the final
settlement of an estate, but a proceeding to obtain a distrib-
utive interest while the administration was in progress.
The right of a legatee or distributee to proceed in the
probate court, for the recovery, after eighteen months, of
a legacy or distributive share, is purely statutory.    To
justify the action of the court in such cases, the petition
and proceedings must substantially conform to the statute.
Gunn v. Howell, 27 Ala. 663.    We first propose to in-
quire, had the court jurisdiction in this case?    If the
jurisdiction of the court cannot be upheld on one of the
two following sections, the whole proceeding is without
warrant in the law—is *coram non judice,* and void.

"Section 1772. After the expiration of eighteen months
from the grant of letters testamentary, or of administra-
tion with the will annexed, if there are more than sufficient
assets in the hands of such executor or administrator to
pay the debts of the deceased, any legatee may apply to
the probate court of the county in which letters were
granted, to compel the payment of such legacy."

"Section 1778. The court may, also, in cases of intes-
tacy, make an order of distribution out of the assets
of the deceased, on the application of any person entitled
to distribution, after eighteen months from the grant
of letters."

The case made by this petition is not within either of
the sections above copied.    The intestate of the petitioner
was not a *legatee,* applying for a *legacy.*    Hence the case
is not within the provisions of section 1772.    This estate
is not a case of *intestacy,* and it is therefore not within the
provisions of section 1778.

Sections 1776 and 1782 prohibit the making of an
order for distribution, or the payment of a legacy, under
the sections of the Code above copied, unless the appli-
cant give a refunding bond.    The record in this case does
not inform us that any refunding bond was given, or re-
quired.    This was an error in the probate court.—Row-

land v. Day, 17 Ala. 682; Erwin v. Ferguson, 5 Ala. 167.

For the errors above pointed out, we would reverse this cause, if the appeal were properly before us. Such, however, is not the case. There has been no final decree rendered, which can authorize an appeal, either under section 3016 of the Code, or subdivision 5 of section 1888. The only authority for an appeal, from an order such as was made in this case, is subdivision 4 of section 1888. That gives a right of appeal to a "legatee, or person entitled to distribution," but not to the executor or administrator.—See Devany v. Devany, 25 Ala. 722.

As the statute (Code, § 1888) expressly prohibits the right of appeal by the executor or administrator in cases like the present, the joinder in error by the appellee does not cure the defect. Consent cannot give jurisdiction over subject-matter.—Lee v. Thompson, 28 Ala. 453.

We will not say the administrator is without remedy. It is not for us, in advance, to determine what that remedy is. See, however, *Ex parte* Tarleton, 2 Ala. 35; Comm'rs' Court v. Thompson, 18 Ala. 694; Comm'rs' Court v. Tarver, 25 Ala. 480; *Ex parte* Russell, 29 Ala. 717.

The appeal is dismissed, at the costs of the appellant.