## McALLISTER'S EXECUTOR *vs.* THOMPSON.

[APPEAL FROM DECREE OF PARTIAL DISTRIBUTION.]

1. *When partial distribution cannot be had.*—In a case of partial intestacy, caused by the widow's dissent from her husband's will, the probate court cannot render a decree against the executor, after the lapse of eighteen months from the grant of his letters, in favor of the sole distributee and heir-at-law: such a case is not within the provisions of the Code, (§§ 1772, 1778,) authorizing partial distribution and the recovery of legacies.
2. *Appeal from decree of partial distribution.*—An appeal does not lie, in favor of the personal representative, from a decree of partial distribution, until after the final settlement of the estate, although the court had no jurisdiction to render the decree.

APPEAL from the Probate Court of Marengo.

IN the matter of the estate of William McAllister, deceased, on the petition of Elizabeth Thompson, as sole distributee and heir-at-law, for her distributive share of the estate. McAllister died in October, 1853, leaving a will, which was duly admitted to probate by said court in August, 1854, and of which Lewis B. McCarty was the executor. By said will, the testator bequeathed all his property, both real and personal, to his wife for life; directed his executor, after the death of his wife, to transport all his slaves to Liberia, so soon as their labor had created a fund sufficient for that purpose; and made his executor his residuary legatee, after the death of his wife, in trust for the "Alabama Conference of the Methodist Episcopal Church South." The widow dissented from the will, and claimed her distributive share of the estate. On the 17th March, 1856, Elizabeth Thompson, the testator's sister and sole heir-at-law and distributee, filed her petition in said court "for a distribution of the slaves and personal estate of said decedent," alleging that all the debts against the estate had been paid. On the hearing of this petition, which was contested by the executor, the court held—"1st, that the direction to the executor to remove the slaves to Liberia was void; 2d, that the Ala-

bama Conference of the Methodist Episcopal Church South could not take as residuary legatee until the death of the widow; 3d, that the widow's dissent from the will left an estate not disposed of by the will, to which the heir-at-law was entitled during the term of the widow's life; and, 4th, that said Elizabeth Thompson, as such heir-at-law, is entitled to such estate." A decree was accordingly rendered in favor of said Elizabeth Thompson, directing the executor to "deliver to her all the property remaining in his hands as such executor," on her entering into a refunding bond; to which decree the executor excepted, and which he now assigns as error.

WILLIAM E. CLARKE, I. W. GARROTT, and J. R. JOHN, for the appellant.

WILLIAM M. BROOKS, *contra*.

RICE, C. J.—Upon the authority of Johnston, executor, v. Fort, administrator, 30 Ala. 78, we hold, 1st, that the probate court had no jurisdiction to render the decree from which the appeal was taken in this case; and, 2d, that the *executor* has no right to *appeal* from such decree, until after a final settlement of the estate.—Code, § 1888.

We do not decide, however, that until a final settlement of the estate, the executor is without remedy. But it is not for us to indicate his remedy, if he has any. See the authorities relative to that matter, cited in Johnston v. Fort, *supra*.

As the appeal was taken by the executor, and he had no right to take it, we must dismiss it, at his costs.