## SEGREST vs. SEGREST'S HEIRS.

[BILL IN EQUITY FOR FORECLOSURE OF EQUITABLE MORTGAGE.]

1. *Extension of time for payment of mortgage debt; dismissal generally, and without prejudice.*—Where a mortgagor files a bill to redeem, and is allowed a day for the payment of the money into court, but fails to make the payment within the time prescribed by the decree, without any fraud, accident, or mistake, the chancellor is not bound to extend the day of payment, but may dismiss the bill; nor is there any rule which requires, in such case, that the dismissal shall be without prejudice.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 9th January, 1860, by David Segrest, against the personal representative and heirs-at-law of his deceased brother, Reuben Segrest, Absalom Eady and wife, and Jesse P. Felts and wife; and

sought to redeem a tract of land, which the complainant purchased from said Eady and wife on the 21st November, 1855, and which was afterwards conveyed, at his instance, by said Felts and wife, who had the legal title, to said Reuben Segrest, since deceased, who advanced for the complainant a portion of the purchase-money.  Decrees *pro confesso* were regularly entered against Eady and wife, and Felts and wife.  An answer was filed by the other defendants, denying all knowledge of the alleged mortgage, and requiring strict proof thereof.  At the November term, 1860, on hearing on pleadings and proof, the chancellor held the complainant entitled to relief, and ordered the master to take an account of the mortgage debt.  At the May term, 1861, the master's report was confirmed ; and the chancellor rendered a degree, requiring the complainant to pay into court, by the first day of the next term, the amount reported to be due on, the mortgage debt; ordering his bill to be dismissed, on his failure to make the payment within the prescribed time, and directing a conveyance to be made to him on his making the payment as required.

On the first day of the next succeeding term, the master reported that the complainant had failed to pay the money into court; and on the fourth day of the term, the complainant filed his petition in court, asking for an extension of the time within which to make the payment, and offering to pay the money into court immediately.  The petition alleged, that he had failed to make the payment from necessity ; that he had been induced to rely on the promises of two friends, who were willing, and ordinarily able, to procure the money for him; that in consequence of the unsettled state of the country, and the suspension of business in the circuit court that fall, his friends had failed to raise the money for him; that on Saturday before the commencement of the court, having come into town for the purpose of completing other arrangements to obtain the money, he was informed by his counsel that the court would not be held, and that it would be sufficient to

pay the money by the next term; and that, in consequence of this information, he did not come to town on the first day of the term. The petition was duly sworn to, and was supported by the affidavits of other persons.

The chancellor overruled the petition, and dismissed the bill; and his decree is now assigned as error.

GUNN & STRANGE, for appellant.
GRAHAM, MAYES & ABERCROMBIE, contra.

A. J. WALKER, C. J.—The earliest decision upon the question, whether the chancellor will allow an extension of the time prescribed in his decree for the payment of the mortgage debt, is that of Lord Eldon in *Novosielski v. Wakefield*, 17 Vesey, 417. In that case, the lord chancellor distinguishes between suits to foreclose, and suits to redeem; and, while he concedes that the practice is to extend the time of payment in the former cases, he denies that there is any precedent for the extension in the latter, and refuses to begin such a practice. The reason given for the discrimination is, that the mortgagor's attitude in the two cases is altogether different. In a foreclosure suit, the proceeding is against him, to compel the payment of the debt, or effect a forfeiture of his estate; while, in a redemption suit, "he comes into court, saying, 'here is the money, give me my estate'." This decision of Lord Eldon was followed in the case of *Falkner v. Bolton*, 7 Sim. 319.

In this country, the decision of Lord Eldon seems to have the sanction of Chancellor Kent.—*Perine v. Dunn*, 4 Johns. Ch. R. 140; *Brinkerhoff v. Lansing*, ib. 65. In Vermont, the practice which restricts the mortgagor to the time of payment prescribed in the decree, has been applied to foreclosure, as well as redemption suits.—*Smith v. Bailey*, 10 Vermont, 163. See, also, *Turner v. Turner*, 3 Munf. 66; *Waller v. Harris*, 7 Paige, 167; 1 Powell on Mortgages, 403, n; 3 ib. 999; Hilliard on Mortgages, 39, § 17. An industrious examination has enabled us to find no case, in which the right of the mortgagor to pay the debt and

perfect his redemption, after the time limited in the chancellor's decree, is maintained ; and we infer that the practice adopted by Lord Eldon is regarded, both in England and America, as established. We cannot decide that the chancellor erred in adopting and following that practice.

The prevailing distinction above alluded to, between foreclosure and redemption suits, renders the precedents referred to by the appellant's counsel, as to the practice in the former, inapplicable to the question decided by the chancellor. We do not decide, that relief could not be granted, in a case the facts of which brought it within the recognized ground of chancery jurisdiction in cases of fraud, accident, or mistake, unmixed with negligence on the part of the party himself. This case is totally unlike that of *Delage v. Hazzard*, 16 Ala. 196. The question there was not as to redemption, and the complainant seems to have been prevented by the act of the register from complying with the prescribed condition.

It is contended, that the dismissal of the complainant's bill ought, at all events, to have been without prejudice to his right to file another bill. An authority of high repute, upon questions of pleading and practice, declares, that this qualified order of dismissal is made where the dismissal is occasioned by any slip or mistake in the pleadings or in the proof.—2 Dan. Ch. Pl. & Pr. 1200. The dismissal of the complainant's bill in this case did not result from any slip or mistake in the pleadings or proof, but from his failure to comply with an order of the court, to pay a certain sum of money, which, by his bill, he had proposed to pay. This failure was occasioned, either by his negligence, his inexcusable misapprehension of his duty, the negligence of others in whom he confided, or by a combination of all these causes. He has no claim, either upon the law, or upon the score of charity, to an opportunity for the renewal of the litigation. In this State, numerous decisions upon the subject of dismissals without prejudice have been made, none of which announce a doctrine which would sustain the appellant's argument on this point.—*Danforth v. Her-*

*bert*, 32 Ala. 497 : *Cameron v. Abbott*, 30 *ib.* 416 ; *Cornelius v. Cornelius*, 31 *ib.* 479 ; *Holly v. Wilkinson*, *ib.* 126 ; *Rumbly v. Stainton*, 24 *ib.* 718 ; *Stiles v. Lightfoot*, 26 *ib.* 444 ; *Crabb v. Thomas*, 25 *ib.* 212 ; *Andrews v. Hobson*, 23 *ib.* 219 ; *Micham v. Wyatt*, 21 *ib.* 813 ; *Larkins v. Biddle*, *ib.* 252 ; *McCullough v. Walker*, 20 *ib.* 389 ; *Lang v. Waring*, 17 *ib.* 145 ; *Goodman v. Benham*, 16 *ib.* 625 ; *Gayle v. Singleton*, 8 Porter, 270 ; *Maury v. Mason*, *ib.* 213 ; *Wilkins v. Wilkins*, 4 *ib.* 242 ; *Harris v. Carter*, 3 St. 233.

The decree of the chancellor is affirmed.