# HARRISON'S ADM'R vs. MEADORS AND WIFE.

[PARTIAL DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *When appeal lies.*—Under the provisions of the act approved December 12, 1857, (Session Acts, 1857–8, p. 244,) an appeal lies from a decree or order for the partial distribution of a decedent's estate, in favor of the personal representative, as well as in favor of the distributee.

2. *Notice to administrator.*—The case of *Brazeale's Adm'r v. Brazeale's Distributees,* (9 Ala. 491,) as to the necessity of notice to the administrator of the time when a final decree of partial distribution will be rendered against him, is overruled, in effect, by the case of *Allman v. Owen,* (31 Ala. 167,) and is hereby expressly declared to be overruled on that point; the correct rule being, that from the service of process, until the rendition of the final judgment or decree, the parties are presumed to be in court, and need no special notice of any order made in the cause.

3. *Form of decrees of partial distribution; amendment of clerical misprision.* On partial distribution of a decedent's estate, a separate decree should be rendered in favor of each distributee who applies for it; and a decree for the wife's distributive share should be rendered in favor of the husband and wife, for the use of the wife. But, if a joint decree is rendered against the administrator, in favor of the several distributees, for the sums ascertained to be due to them respectively; and a decree for the wife's distributive share is rendered in favor of the husband, "in right of the wife, and for her use,"—these are mere irregularities, which will be considered on error as amended.

4. *In whose favor decree of partial distribution may be rendered.*—On an application by a distributee, for partial distribution of a decedent's estate, under section 1778 of the Code, it is error to render a decree in favor of another distributee, who did not join in the application; but the rule is different, when the application is made by the administrator himself, under section 1771.

5. *Judicial notice of terms of court.*—The appellate court will take judicial notice of the day fixed by law for the commencement of the regular terms of the probate court; but, since the term is not confined by law to a single day, nor to any certain number of days, it can not be judicially known when any particular term ends.

6. *Presumption in favor of judgment.*—When it is necessary that a decree of the probate court, to be affirmed on error, should have been rendered at a regular term of the court, and the record does not affirmatively show that it was rendered at a special term, the appellate court will presume that the regular term was continued, from day to day, until the day on which the decree was rendered.

APPEAL from the Probate Court of Tallapoosa.

IN the matter of the estate of Carter B. Harrison, deceased, on the application of Thomas W. Meadors, and Martha Susan Meadors, his wife, for a decree of partial distribution. The petition of said Meadors and wife, which was filed on the 26th March, 1861, and sworn to by said Meadors, alleged that letters of administration on the estate of said Carter B. Harrison, deceased, were granted by said probate court, on the 4th July, 1856, to William T. Harrison; "that the said Martha Susan Meadors is entitled to one half of the estate of said decedent, he having left only one child"; and "that the assets of said decedent's estate are more than sufficient to pay the debts of said decedent." On the filing of the petition, the court ordered a citation to issue to the administrator, and appointed the 21st May, 1861, for the hearing of the application. On the 21st May, the cause was continued until the 25th June following; the continuance being granted, as the order shows, at the instance of the administrator, who appeared by attorney.

On the 25th June, 1861, the following decree was rendered in the cause: "This being the day to which said cause was continued, by an order of this court made and entered on the 21st day of May, 1861, for hearing the application of Thomas W. Meadors and his wife, Martha Susan Meadors, who is a distributee of said estate, asking for an order and decree of court that her distributive share may be paid to her; now come the said Thomas W. Meadors and wife, by their attorneys, Oliver, Garrett & Barnes, and move the court to proceed with such hearing; and it being shown that the proper notice and citation have been given to the said William T. Harrison, administrator as aforesaid, in all respects strictly according to the terms and requirements of said former order in the premises, the court proceeds to hear and to determine the matter of said application. Whereupon, it being shown to the satisfaction of the court, by due proof, that letters of administration upon said estate were granted to said William T. Harrison, more than eighteen months since, and it appearing to the court, from the report of said administrator for partial distribution, that the said Thomas W. Meadors and wife, Martha Susan Meadors, *is* entitled to the sum of nine thousand

dollars, and that Hicksey Hall Harrison, a minor, and heir of said estate, is likewise entitled to the sum of nine thousand dollars; that, after the payment of said distributive shares, there will remain a sufficiency of the assets of said estate to pay all the debts which have been presented, and charges : It is ordered, adjudged, and decreed, that the said application be, and the same is hereby granted ; and the said William T. Harrison, as such administrator, is hereby directed to pay over to the said Thomas W. Meadors, for the use of the said Martha Susan Meadors, the said sum of nine thousand dollars, if the said Thomas W. Meadors, husband of the said Martha Susan Meadors, shall give bond and security, as required by section 1776 of the Code of Alabama, that being the distributive share to which she is entitled on partial distribution ; and that he pay to the said John Morgan, who is the legally constituted guardian of Hicksey Hall Harrison, a minor, and heir of said estate, the said sum of nine thousand dollars, if the said Morgan shall give bond and security, as required by section 1776 of the Code of Alabama, that being the distributive share of said estate to which. she is entitled on partial distribution. And it appearing to the court that the said William T. Harrison, administrator as aforesaid, has paid the said Martha Susan Meadors the sum of five thousand five hundred and forty-three dollars and fourteen cents, and filed his receipt for the said amount in this court, which said amount has been duly acknowledged by the said Meadors; now, on motion of the said Harrison, administrator as aforesaid, it is adjudged by the court, that said several payments made to the said Martha Susan Meadors ought to be, and the same are hereby accordingly, allowed to said administrator, to be deducted from the share adjudged in her favor by the said court, leaving a balance in her favor of three thousand four hundred and fifty-six dollars and eighty-six cents."

And on the 15th July, 1861, the following decree was entered in the cause : " In conformity to an order and decree of this court, entered and recorded on the 25th day of June, 1861, Thomas W. Meadors, the husband of Martha Susan Meadors, and John Morgan, the guardian of Hick

sey Hall Harrison, a minor, filed their respective bonds, as required by said order and decree, the same having been approved by this court. Thereupon, it is considered and decreed, that the said Thomas W. Meadors, in right of his wife, for her use, and John Morgan, guardian of Hicksey Hall Harrison, have and recover of the said William T. Harrison, administrator as aforesaid, the sums adjudged in their respective favors, for which execution may issue; in favor of Thomas W. Meadors, for the use of the said Martha Susan Meadors, for her share; in favor of John Morgan, guardian of the said Hicksey Hall Harrison, a minor, for her shaie. It is further ordered, that said bonds be recorded, and all the papers on file relating to this proceeding."

From this decree the administrator sued out an appeal, which, by consent, was considered as two separate appeals; and errors were assigned on each part of the decree.

STONE, CLOPTON & CLANTON, and GUNN & STRANGE, for the appellant.

WM. H. BARNES, contra.

JUDGE, J.—No appeal would lie, in favor of a personal representative, from a decree of partial distribution, until the passage of the act of December 12, 1857.—Acts, 1857–8, p. 244; Johnson v. Fort, 30 Ala. 78; McAlister v. Thompson, 32 Ala. 497. Under the provisions of the act above cited, the right of appeal, from any final order, judgment, or decree of the probate court, is extended to both parties; the right having before been confined, in cases like the present, to "the legatee, or person entitled to distribution."—Code, § 1888, sub-d. 4. We therefore hold, that the final order made in this case will support an appeal by the administrator.

[2:] The application for distribution, on the part of Meadors and wife, contains the essential requisites prescribed by the sections of the Code authorizing the proceeding. But it is contended, that the final decree of July 15, 1861, should not have been rendered, in the absence of notice to the administrator; and the case of Brazeale's Adm'r v. Bra-

zeale's Distributees, (9 Ala. 491,) is cited as authority to sustain this position. We consider that case as having been overruled, as to this question, by the later case of *Allman v. Owen*, 31 Ala. 167. The last mentioned case is in harmony with the general rule, which is undoubtedly correct, that from the service of process, until the final judgment, the parties are presumed to be in court, and need no further notice of orders taken in the cause.— *Younge v. Broxson*, 23 Ala. 127. The case of *Brazeale's Adm'r v. Brazeale's Distributees* being in conflict with this wholesome rule, we prefer to let that case stand overruled.

[3.] It is also contended, that the court below erred in not rendering a separate decree in favor of each distributee; and in rendering a decree in favor of "Thomas W. Meadors, in right of his wife, for her use," when it should have been in favor of the husband and wife, for the use of the wife. These, though irregularities, are not reversible errors, but are amendable in this court, and will be considered as amended. There is, therefore, no error in the proceeding as to Meadors and wife.

[4.] But the decree in favor of John M. Morgan, as guardian of Hicksey Hall Harrison, a minor, can not be sustained. No *application* for partial distribution had been made in behalf of the minor; and a decree for such distribution can only be rendered, in a proceeding like the present, "*on the application*" of the person entitled to it. Code, § 1778. The rule would be different in a proceeding under section 1771 of the Code.

The decree in favor of Meadors and wife must be affirmed; but the decree in favor of Morgan, as guardian, must be reversed, and the cause remanded. Let a judgment be entered in each case accordingly.

NOTE BY THE REPORTER.—On a subsequent day of the term, in response to an application by the appellees' counsel for a re-hearing, the following opinion was delivered:

JUDGE, J.—An application is made for a re-hearing in this case, to which we deem it proper to make a brief response. It is insisted, that the decree of the probate court

can not be affirmed on the principles decided in the case of *Allman v. Owen*, (31 Ala. 168,) because it does not appear to have been rendered at a *regular term* of the court. We judicially know that a regular term of the court was not fixed by law, *to commence* on the 15th of July, 1861, the day on which the decree was rendered; but, in the absence of any entry, or other thing of record, showing that the court held on that day was a *special term*, we must presume that it was a continuation of the regular term.—*Duval v. McLoskey*, 1 Ala. 710. See, also, *Davis v. Davis*, 6 Ala. 611. The regular terms of the probate court are not limited to a single day, but they may be adjourned from day to day, until all the business is disposed of. The record of the present case does not show regular adjournments and meetings of the court, until the day of the rendition of the decree; but not in any wise showing the contrary, we must presume such to have been the case. Otherwise, we should place the court in error, by intendment, when error does not affirmatively appear.

The application for a re-hearing is overruled.