ARRINGTON et al. vs. ROACH, Administrator.

[ACTION ON PROMISSORY NOTE BY A PAYEE AGAINST MAKER.]

1. *Probate court; orders grantable as matter of course by.*—Orders that are grantable as matter of course by the probate court, within the meaning of section 795, Revised Code, are those necessary orders which may be made without notice to the parties in interest; and the probate court is authorized to make such orders at a special term, or on any day "except Sunday."

2. *Appellate court; questions noticed by.*—The appellate court will not consider any questions on the errors assigned, but those noticed in the brief, or argument of counsel for appellant, unless it is a question as to the want of jurisdiction, or one of similar import.

3. *Evidence; motion to exclude irrelevant.*—If a party on cross-examination of a witness evokes any testimony which is irrelevant to the issue, he can, as a matter of right, insist in the argument of the cause in the court below, that it shall be excluded ; and if his motion to exclude be overruled, it is a reversible error, unless the motion embraces testimony which is relevant for any purpose, although not admissible against the objection of the adverse party ; in which latter case, the court may properly overrule such a motion.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. H. D. CLAYTON.

THIS action was brought by D. W. Roach, as administrator of Wm. Wright, deceased, against Hillary Arrington, W. H. Stuckey, and Geo. P. Pitman; was commenced on the 31st March, 1866 ; and was founded on a promissory note made by the defendants on the 10th September, 1864, payable twelve months after date to the plaintiff, as administrator. The defendants filed three pleas, the first being the general issue, and the second and third as follows : "2d. That the note sued on was given for cotton belonging to the plaintiff's intestate, which was sold by plaintiff as administrator, without authority of law, and the sale is void. 3d. That the note was to be paid in Confederate States currency, and ought to be scaled, under the ordinance of the convention." As the bill of exceptions, taken by the

appellants states, " it was proved that said promissory note
was executed in the county of Henry on the day the same
bears date, and was given for cotton, as its sole considera-
tion, which belonged to plaintiff's intestate, and which was
sold by the plaintiff, as administrator, under an order of
the probate court of Henry county," and in support of their
second plea introduced in evidence the transcript from the
records of the said probate court of said sale. The peti-
tion sets out a list of the personal property of said dece-
dent; and alleges, " that a sale of said property is neces-
sary for a fair and equal distribution among the heirs at
law of said deceased, and upon the further ground that the
same is of perishable nature, and liable to waste, wherefore,"
&c. The order of the court upon this application was as
follows : "Upon the application of D. W. Roach, admin-
istrator of the estate of Wm. Wright, late of said county,
deceased, duly verified by affidavit, praying for a sale of
the personal property of said deceased, for distribution
among the heirs at law of the deceased ; it appearing that
such sale is necessary for that purpose, it is ordered," &c.
A report of the sale was duly made to the probate court.
The court charged the jury, " that the sale of the cotton,
which is the sole consideration of said note, was legal, and
that the plaintiff could recover in this action." The de-
fendants excepted to this charge, and now assign the same
as error. The plaintiff also took a bill of exceptions on
the trial in the court below, which states that " the defend-
ant Arrington was sworn as a witness for himself," and
testified as follows : " I bought from the plaintiff, at pub-
lic outcry, at the sale of his intestate's estate, sixteen thous-
and and seventy pounds of seed cotton," &c. This witness
testified on cross-examination, " that he sold two or three
thousand pounds of said cotton to one Stuckey, for the
price at which he bought it, and he gave the remaining
thirteen thousand pounds of said cotton for a negro, and
that the negro became free, or was emancipated, and that
thereby he, the defendant, lost him and the cotton." The
bill of exceptions then states, " after the evidence had
closed, and the plaintiff's attorney was making the conclud-
ing argument, he insisted that this evidence, elicited on

cross-examination, was illegal, and that the jury could not consider it in making up their verdict, and asked the court to instruct the jury accordingly, and to exclude from them all evidence of the disposition or use the defendant Arrington made of said cotton, which the court declined to do," and to this ruling the plaintiff excepted, and now assigns the same as error. . There were assigments of error 'and joinders therein respectively by each party, on the same transcript.

F. M. Wood, for appellants.
W. C. Oates, *contra.*

BYRD, J.—These cases were submitted for decision by agreement of counsel, on the same record, under a rule of this court, and upon errors assigned by both parties.

1. In the first case, the appellants assign as error the charge of the court, which was as follows : " That the sale of the cotton, which is the sole consideration of said note, was legal, and that the plaintiff could recover in this action." The counsel for appellants contends, that the order of sale made by the probate court is void for the reason that it was made in vacation, and was not one grantable as a matter of course. The Code, § 673, (R. C. 795,) authorizes the judges of probate to hold " special or adjourned terms at any time whenever necessary for any special purpose," and provides that " such courts must at all times be considered as open, except on Sundays, with authority to do all things needful in relation to granting letters testamentary, of administration or guardianship, and all matters appertaining thereto, binding out apprentices, and making all other necessary orders, which are grantable as a matter of course." It seems that, (construing the several statutes together applicable to the question in hand,) the judge of probate may order the sale of perishable property, if so specified in the application, without notice to distributees or legatees.— (Revised Code, § 2068.) The application in this case states that the property " is of a perishable nature, and liable to waste." Under the provisions of the Code, we must hold that the court of probate had jurisdiction to make the

order of sale, on the application set out in the record, at a special term, or on any day except Sunday. All orders which may be made without notice, and are *necessary*, are to be considered as " grantable as matters of course." The statutes do not declare what matters are so grantable, but taking the rule applicable in courts of equity as applicable by analogy to the probate court, we are satisfied that all orders which are authorized to be made without notice, are " grantable as matters of course," unless otherwise directed by statute.—Rule 4 in Chancery, Revised Code, p. 823 ; 1 Dan. Ch. Pr. 473, 4. And if necessary, the order would be presumed on a collateral attack, to have been made at an adjourned term, if the contrary does not appear.—*Duval's Heirs vs. McLusky*, 1 Ala. 710 ; *Harris v. Meadows*, in manuscript, at the June term, 1867.

2. The next ground taken, is that the order is "void because it fails to prescribe that notice should be given by the administrator, for three successive weeks before the day of sale ; twenty-one days before such sale is not equivalent in legal acceptation to three successive weeks." This position, in our opinion, is untenable in any aspect which we can regard it. This disposes of all the points made by counsel for appellants in his brief, as to error assigned by them ; and, it is the long settled practice of this court, not to consider any questions but those noticed in the brief or argument of the counsel for *appellant*, unless it is a question as to the want of jurisdiction, or one similar to that. The counsel, therefore, not insisting on a reversal for any error in the charge, except in the respects above noticed, we shall not look into that matter further.

3. As to the second case, there is no error in the action of the court upon the motion of appellant in the cross-assignment of error. If a party on cross-examination of a witness evokes any testimony which is *irrelevant* to the issue, he can, as a matter of right, insist on the argument of the cause in the court below, that it shall be excluded. And if he makes a motion to exclude it and the court refuses to do so, it is a revisable error.—*Bush & Co. v. Jackson*, 24 Ala. 273 ; *Pool v. Devers*, 30 ib. 672. But if his motion embraces testimony which is relevant for any pur-

pose, although not admissible against the objection of the adverse party, the court can properly overrule it. In this case, all the evidence is not set out in the bill of exceptions, or at least, it does not affirmatively appear that it is so set out. And, in our opinion, that portion of the evidence sought to be excluded in these words : " Sold two or three thousand pounds of said cotton to one Stucky, for the price at which he bought it," was admissible, the adverse party not objecting under the third plea. It is evident that the jury *scaled* the note in this case, and there is no evidence in the record which authorized them to do so to the extent they did, and therefore it is presumable that other evidence was introduced which authorized them to do so under the plea. And on the issue thus made, the above recited evidence was admissible, if not objected to by the opposite party, as conducing to show an admission of the value of the cotton, *if* it was *understood* or *agreed* between the parties that the note was payable in Confederate treasury-notes, and *perhaps* as tending to show that the cotton was worth what the purchaser gave for it.—Ordinance No. 26 of the Convention of 1865. The evidence not being fully set out, and the evidence sought to be excluded not being irrelevant under the issue, and being admissible as tending to show an admission of the value of the cotton, although of an uncertain character and not entitled to much weight, yet it is a circumstance which the jury had a right to consider as conducing to prove the value of the property, and what the plaintiff in the action was " legally and equitably" entitled to recover.—18 Ala. 201 ; 28 ib. 677 ; 29 ib. 244, 433 ; 30 ib. 432 ; 24 ib. 334; 32 ib. 500. The field for this investigation must necessarily be wide and extensive, but not illimitable. It is true, that the sale to Stuckey is not shown to have taken place at any particular date, but it seems that the principal to the note bought the cotton in the seed, and it was competent for the jury to infer that it was sold to Stuckey in the seed from the language used by the witness, and from the fact that he sold two or three thousand pounds to Stuckey, and that he gave the remaining *thirteen thousand* pounds for a negro, and that the negro became free, and that there were *sixteen thousand* pounds of seed

cotton when he bought it; and from the further facts that the purchase was made the 10th September, 1864, and the note payable twelve months after that date, and he gave ten cents per pound for the cotton, and sold it for the same to Stuckey. We do not say that the jury ought to have inferred from these facts, that the cotton was resold in the seed at *the time* he bought it, but they could legitimately look at all the facts in evidence in ascertaining whether the cotton was sold to Stuckey at or about the time of the sale. I have followed the views of my brethren announced in the cases of *Scheible v. Bacho*, and *Tarleton v. The Southern Bank*, at the present term. My own opinion is, that the ordinance gives no defense against such a contract that was not available by the principles of the common and statutory law in force when the contract was made; and any interpretation which extends its influence beyond the range of those principles, would be violative of the provision of the constitution of the United States, which inhibits a State from impairing the obligation of a contract. Any State authority, which, by legislative or judicial action, attempts to insert a new stipulation in a contract—or to diminish the amount one party to it is entitled to recover, or to increase the amount that the other is bound to pay, by the terms thereof at the time it was made, would be, in my judgment, an invasion of the obligation of the contract which the Federal Constitution intended to guard and protect, as well for one party as the other.

It results that both cases must be affirmed.