[Talladega Mercantile Co. v. McDonald, et al.]

## Talladega Mercantile Company *v.* McDonald, *et al.*

### Vacating Judgment against Garnishee.

1. *When garnishee in court.*—Garnishees being summoned, and filing a written answer through counsel, both they and their counsel are presumed to have been present ever afterwards until the case was finally disposed of in that court.

2. *Court during the term has power to vacate judgment absolute against garnishee.*—Though the garnishees were guilty of laches in failing to appear, a judgment absolute rendered against them in their absence, may in the sound discretion of the trial judge, be vacated during the term at which it was rendered, with leave to make oral answer, and the exercise of this discretion is not revisable.

3. *When garnishee may answer* —Though § 2980, Code, commands that the garnishee shall answer within the first three days of the term to which the proceeding is returnable, the answer may be filed at any time before judgment for want of an answer is claimed and allowe ', and the court has power to extend the time beyond three days, within which the garnishee may answer.

APPEAL from Talladgega Circuit Court.
Tried before Hon. L. F. Box.

This was a suit in attachment, by the Talladega Mercantile Company, in which McDonald & Campbell were summoned as garnishees. Final judgment was rendered against the garnishees, and an order made vacating the judgment, and allowing the garnishees to file their answer during the first six days of the ensuing term.

H. L. McELDERY, and E. K. DRYER, for appellant, cited *Seals v. Swan*, 9 Porter, 163; *Drane v. Knight*, 21 Ala. 556; Code, § 2980 (3298); *Buchanan v. Thompson*, 70 Ala. 402; *Beadle v. Graham's Admr.*, 66 Ala. 102; *Ex parte O'Neal*, 72 Ala. 560; Freeman on Judgments, Sec. 108; *White v. Ryan & Martin*, 31 Ala. 400; *Elliott v. Cook*, 33 Ala. 490. *Ex parte North*, 49 Ala. 385; *Ex parte Walker*, 54 Ala. 577; *Cross v. Spellman*, 9 So. Rep. 362; *Security Loan Association v. Weems*, 69 Ala. 584; *Renfro Bros. v. Merryman & Co.*, 71 Ala. 195; *Speed, et als. v. Cook Adm'r.*, 57 Ala. 222; 1 Brick. Digest, p. 666, Sec. 376; Drake on Attachments, Sec. 658.

KNOX & BOWIE, for appellee, cited *Trammell v. Vance*, 62 Ala. 301; 5 Am. & Eng. Encyc. of Law, 460 *et seq*; 16 Am.
Vol. 97.

[Talladega Mercantile Co. v. McDonald, et al.]

& Eng. Encyc. of Law, 500; *et seq*; *Ib.* 502; *Hoog v. Meet Bros.*, 27 N. E. Rep. 428; *Taylor v. Truraball*, 49 N. W. Rep. 375; *Idem v. Boothe*, 8 Pa. Co. Ct. Rt., 499; *Buell v. Emirich*, 24 P. 644; *Renold v. Lee*, 47 N. W. Rep. 955; *Slack v. Carey*, 22 Ill. App. 412; *Pyron v. Mooney*, 49 Cal. 33; *Huggerty v. Walker*, 22 New. 596; *Layton v. Wood*, 17 Abb. p. 177, 5 Am. & Eng. Ency. of Law, 496, § 58–59; *Ib.* 498, z 26; 2 Brickell, 276; *Walker v. Hale*, 16 Ala. 26; *Bridge v. Miller*, 7 Ala. 746.

STONE, C. J.—This was an attachment suit against Rhea, and McDonald & Campbell were summoned as garnishees and supposed debtors to the defendant in attachment. The garnishees filed a written answer denying all indebtedness. They appeared through attorneys; but at the term of the court to which the process was returnable, neither of the garnishees nor their attorneys were present. During that term of the court, and after the written answer of the garnishees had been filed, the court on motion of plaintiff made an order bearing date January 29, 1891, requiring garnishees to "appear in open court and make oral answer as such garnishees on the 4th day of February (then) next."—Code of 1886, § 2974.

On February 5, 1891, judgment by default was taken against defendant in attachment, and a writ of inquiry executed, ascertaining the amount due to plaintiff, and judgment was rendered thereon. On the same day—February 5, 1891—the garnishees having failed to appear and answer orally as required by the order of the court, a judgment *nisi* was rendered against them as garnishees for the same amount as that rendered against Rhea, the defendant in the attachment. And a *scire facias* was ordered to be issued to the garnishees, requiring them to appear at the next term of the court and show cause why such judgment *nisi* should not be made final and absolute. The writ of *scire facias* was duly issued, and in June, 1891, it was served on the garnishees.

The next term of the Circuit Court of Talladega county commenced its session July 27, 1891. On August 3, 1891, garnishees having failed to appear and answer orally, and failing to show any cause why judgment *nisi* against them should not be made final, the conditional judgment against them was made absolute, and execution ordered to be issued for its collection.

During the same term, but at a later day, the garnishees appeared by themselves and counsel, and moved the court to set aside the judgment final, and that they be allowed to

come in and answer the garnishment, and show cause why the judgment against them should not be made final and absolute. The day of the filing of this motion was August 6, 1891, and one of the grounds stated was that "both of the members of said firm were sick and not able to get to court to answer the writ of this court in said case on judgment *nisi*. When this motion was called up for hearing, just before the adjournment of the term at which it was submitted, the presiding judge was too unwell to hear it, and he thereupon continued it. Counsel then agreed that they would severally submit their affidavits and proofs, and that the presiding judge might hear and decide the motion in vacation as of the preceding term. This he did, and on certain terms which he imposed, he. set aside the judgment final, and granted leave to the garnishees to appear and make oral answer within the first six days of the (then) next term.

The grounds urged for a reversal of this order are, in substance, first, that want of diligent attention by garnishees and their counsel to this case, during its progress in the Circuit Court, has brought on them all the injury they claim to have suffered, and for this reason their motion should have been overruled. Their second ground is, that the garnishees having failed to answer within the first three days of the term to which they were cited, there was no power in the court to enlarge the time within which they would be permitted to answer.

It is certainly the law that after the garnishees were summoned, and filed a written answer through counsel, both they and their counsel are presumed to have been present in court ever afterwards, until the cause was finally disposed of in that court.—*Duffey v. Buchanan*, 8 Ala. 27 ; *Harrison v. Meadows*, 41 Ala. 274 ; *Speed v. Cocke*, 57 Ala. 209, 222. We are forced by this necessary rule to indulge the conclusive presumption that they were present in court when the order was made requiring them as garnishees to appear in court and answer orally.—*Security Loan Association v. Weems*, 69 Ala. 584. So, the conclusion is irresistible that they were guilty of laches up to this stage. It results that if they had remained inactive until the final adjournment of the term at which the judgment against them was made absolute, they would have been without remedy, either in the same court under § 2872 of the Code of 1886, or in equity.—*Pharr v. Reynolds*, 3 Ala. 521 ; *Hair v. Lowe*, 19 Ala. 224 ; *Allman v. Owen*, 31 Ala. 167 ; *Elliott v. Cook*, 33 Ala. 490 ; *Renfro v. Merriman*, 71 Ala. 195 ; *Norwood v. Kirby*, 70 Ala. 397 ; *Ex parte O'Neal*, 72 Ala. 560 ; 1 Black on Judgments, § 347 ; 1

[Talladega Mercantile Co. v. McDonald, et al.]

Freeman on Judgments, §§ 108, 115 ; Drake Attachments, § 658e ; *Ex parte Walker*, 54 Ala. 577 ; *Beadle v. Graham*, 66 Ala. 102.

During the term of the court at which the judgment is rendered, the rule is essentially different. "The power of a court of record over its judgments during the term at which they are rendered is very large, if not unlimited. It rests within the sound discretion of the court to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidentially entered." *Rich v. Thornton*, 69 Ala. 473. In *Desribes v. Wilmer*, 69 Ala. 25, 31, this court said : "The judgments of courts are in the breast of the judge until the final adjournment of the term, and may be set aside or modified during the term." 1 Black on Judgments, § 122.

The showing in favor of, and against the motion was presented in affidavits. There was a positive statement by Campbell that nothing was due from the firm to Rhea, either at the time of the summons, or at any time since. It was also fully shown that at the time the court convened for the term, McDonald, one of the partners, was seriously and dangerously sick ; too sick to attend to business ; that he never recovered, but grew worse until he died of that sickness a few weeks afterwards. The showing as to Campbell was, that he was in Florida, but intended to return to Alabama so as to attend the court. That when the day arrived for him to set out on the journey so as to reach Talladega by the day of the court's opening, he was too unwell to travel ; that he set out on the journey as soon as his state of health would permit, but that before he could reach Talladega the conditional judgment was made absolute. These facts are shown by his own affidavit, and the condition of his health is shown by the certificate of a physician, whom he consulted. This part of the showing is not materially assailed or weakened by anything sworn to in opposition to it.

It will be noted that the question for our decision growing out of this feature of the case, is one of diligence *vel non*. On such inquiry the opportunities of the trial court for learning the true merits of the controversy, are greatly superior to any which we have. It is not the ordinary case of an application for a new trial, after there has been a trial on the merits. It partakes much more of the qualities of a motion to set aside a default or forfeiture. Such motion is addressed to the sound, enlightened discretion of the court to which it is addressed. We hold that the exercise of the

discretion in this aspect of it, is not revisable.—16 Amer. & Eng. Encyc. of Law, 68, and notes.

Neither is there anything in the second ground urged. True, the statute commands that the garnishee shall answer within the first three days of the term to which the process is returnable. It does not follow, however, that an answer made after that time would be illegal and valueless. The answer may be filed at any time before judgment for want of an answer is claimed and allowed. And even after judgment *nisi* has been rendered for want of an answer, we would not doubt the power of the court to set aside such judgment, and to permit the answer to be made on a later day of the term. Nor do we doubt the power of the court to extend the time beyond three days, within which the garnishee may answer. This construction is similar to that given to the statute which requires pleas in actions at law to be filed within the first three days of the term to which the process is returnable. It has always been held that pleas filed at any time before default claimed are in time. *Wagnon v. Turner*, 73 Ala. 197, and authorities cited.

We find no error in the record.

Affirmed.