## ALLMAN AND WIFE vs. OWEN.

[BILL IN EQUITY TO ENJOIN DECREE OF PROBATE COURT.]

1. *Laches of plaintiff bars equitable relief against judgment at law.*—A guardian, against whom a final decree, in accordance with the account current filed by himself, has been rendered at a regular term of the probate court, cannot come into equity, to obtain credit for a payment, made by him after the filing of his accounts, but before the rendition of the final decree, on the ground that the cause was continued from term to term, by tacit consent, to enable the ward to file objections to his account current; that he once made application to the clerk for the papers, to see whether any objections had been filed, and was informed that they were in the hands of the ward's attorney; and that the decree was afterwards rendered in the absence of both parties, and without notice to them.

2. *Judicial notice of time.*—Courts will take judicial notice of the coincidence of days of the month with days of the week, as shown by the almanac.

3. *Notice of rendition of decree.*—A guardian, who has filed his accounts for settlement in the probate court, is bound to attend the court, from term to term, until his cause is disposed of, and has no right to special notice of the time when a decree will be rendered.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed by Franklin C. Owen, the appellee, alleging that, at the June term, 1854, of the probate court of Lawrence, he filed his accounts and vouchers for a final settlement of his guardianship of

Martha A. Couch, (who had then recently intermarried with Jeremiah Allman,) showing a balance of $966 13 in favor of his said ward; that the probate court thereupon appointed the 2d Monday in August, 1854, for the auditing, stating, and final settlement of said accounts; that Allman expressed his intention of contesting the account filed by complainant, and thereupon, by consent of parties, the cause was continued until the next regular term, in order that he might have an opportunity to examine the account, and to file his written objections thereto; that before the continuance of the cause, at the solicitation of Allman, complainant paid over to him $924, a part of the admitted balance due to the said ward, and took his receipt for the same; that Allman did not appear at the next regular term of the court, and the cause was then continued, with complainant's consent, under the belief and expectation that objections to his account would yet be filed; "that from that time on, for many months, the cause was continued by the court, on the tacit consent of the parties, from term to term"; that complainant's attorney made application to the probate judge, on several occasions, to know whether any objections had been filed to his account, and was informed that none had been filed; that complainant himself, on one occasion, applied to the clerk of the court to ascertain the condition of the case, and was informed that the papers were all in the hands of Allman's attorney; that it was his intention, whenever his account was finally passed on, to present Allman's receipt above referred to, and obtain a credit for the amount of the payment; that at the August term, 1855, in vacation, the clerk of said court, without the knowledge or consent of either party, admitted said account to record without alteration, and rendered a decree against complainant for the entire balance thereby shown in his hands; and that an execution had issued on this decree. The prayer of the bill was for a perpetual injunction of this decree, except as to the small amount really due to the plaintiffs therein, and for other and further relief according to the exigencies of the case.

A transcript of the record of the probate court, show--

ing the proceedings had in the settlement of the guardian's accounts, was appended as an exhibit to the bill. Its material portions are stated in the opinion of the court.

The defendants answered the bill, demurring to it for want of equity, and stating facts which require no particular notice.

On final hearing, the chancellor overruled the demurrer to the bill, and rendered a decree in favor of the complainant; and his decree is now assigned as error.

D. P. LEWIS, for the appellant.—1. The bill shows on its face, that the decree sought to be enjoined is void, because rendered by the clerk of the court. Chancery will not enjoin a void judgment, against which the defense at law is complete.—2 Metcalf, 135; 1 Sm. & Mar. Ch. 374; 3 Stewart, 280; 1 Johns. Ch. 49; 5 Sandf. 612; 2 Dev. Ch. 234.

2. If the decree is not void, it is conclusive as to all matters existing at the time of its rendition, and the complainant shows no excuse for equitable relief against it. Mervine v. Parker, 18 Ala. 176; Landreth v. Landreth, 12 Ala. 640; Carroll v. Moore, 7 Ala. 615; Lee & Norton v. Bank of Columbus, 2 Ala. 21; English v. Savage, 14 Ala. 343; Sanders v. Fisher, 11 Ala. 812; Smith v. Miller, 3 Stewart, 280; 6 Porter, 24; 7 Porter, 549; Watson v. Hutto, 27 Ala. 513; 7 Cranch, 232; 3 Atk. 223; 3 Leading Cases in Equity, (by White & Tudor,) 97–106.

R. O. PICKETT, contra, contended that the bill made out a clear case for equitable relief, and cited 3 Stewart, 155; 2 Stew. & P. 58; 2 Porter, 177; 5 Porter, 547; 6 Porter, 24; 2 Ala. 21; 7 Ala. 549, 666; 9 Ala. 120; 10 Ala. 149; 16 Ala. 423.

WALKER, J.—In French v. Garner, 7 Porter, 549, u rt, following the decision of Chancellor Kent in Juncan v. Lyon, 3 John. Ch., held it to be "a settled principle, that a court of equity will not interfere after a judgment at law, unless the party can impeach the justice

of the judgment, by facts or on grounds of which he could not have availed himself, or was prevented from doing it by fraud, or accident, or the act of the opposite party, .unmixed with negligence or fraud on his part." The same principle has since been repeatedly asserted, and a determination to adhere to it, notwithstanding it may work hardships in particular cases, has been expressed.—Lee & Norton v. Ins. Bank of Columbus, 2 Ala. 21; Saunders v. Fisher and Phelps, 11 Ala. 812; English v. Savage, 14 *ib.* 343; Watson v. Hutto, 27 Ala. 513; Burden v. Stein, at the last term.

This principle rests upon a sound and conservative policy. It exacts diligence from litigant parties, and makes the judgments of courts, in most instances, an end of litigation. From such a principle we must not be driven by the appeal which the hardship of its application to the appellee may make in his behalf. The payment was certainly a legitimate and proper ground for a credit, and was a matter of which the appellee might have availed himself in the probate court. There is no pretense that he was prevented by the fraud or act of the opposite party from bringing before the court his just claim to the credit. The excuse for not asserting the right to the credit in the probate court is, that the decree was rendered in vacation, without the knowledge of the appellee or his attorney, or of the opposite party, when the cause had long been continued from term to term by the tacit consent of both parties, in order that exceptions might be filed for the ward; and that the appellee was on one occasion told by the clerk of the probate judge, that the papers were all in the hands of the attorney of the opposite party. There appears to have been no proof adduced.

The averment of complainant's bill, that the decree of the probate court was rendered in vacation, is not sustained by the transcript from the record of the probate court exhibited with the bill. That transcript of a record, which, at least in the absence of proof to the contrary, imports absolute verity, shows that the settlement was ordered to take place at a regular term of the probate

court, on the second Monday in August, 1854; and that there was a continuance from term to term, each month, to the 13th of August, 1855. The Code (§ 673) requires regular terms of the probate court to be held on the second Monday of each month. The continuance at each succeeding month is headed by the name of the month, followed by the word term; thus, "August term," "September term," &c. By these entries we must understand the regular term appointed by law. We will judicially take cognizance of the fact disclosed by the almanac, that the 13th of August, 1855, when the decree was rendered, was the second Monday of the month.—1 Greenleaf on Evidence, § 5; Harvy v. Broad, 2 Salkeld, 626. It thus appears from the record, that the cause was continued at each regular monthly term, until the regular monthly term in August, when the decree was rendered. The averment of the bill, in the face of the record, that the decree was rendered in vacation, is unsustained by proof; and the omission of the answer to respond to the averment is not an admission of it, because it appears, both from the bill and the answer, that it was a matter as to which the defendants were ignorant. We cannot, therefore, regard the allegation, that the decree was rendered in vacation, as an established fact in the case.

The allegation that the papers were in the possession of the attorney of the opposite party, if it be at all material, is denied in the answer, upon information and belief, and not proved.

It was the complainant's duty to attend the court, from term to term, while his cause was pending in it. It was not the duty of the probate judge to specially notify him of the term at which the decree was rendered; and if he hazarded his interest upon the unauthorized expectation of such notice, he has been guilty of laches, against which the law gives him no relief.—Burden v. Stein, at last term. From term to term, for twelve months, he omits to present to the court his claim to a credit; and finally, at a regular term of the court, he is absent, and the probate judge renders a decree in accordance with the account filed by himself. If injustice has been done, it is charge-

able, so far as the record discloses, to the complainant; and he cannot be relieved, without violence to the sound and conservative principle above stated.

The decree of the court below is reversed, and a decree must be here rendered, dismissing complainant's bill; and the appellee must pay the costs in this court, and in the court below.