# Catterlin, Administrator, etc. *v.* Morgan.

*Application to set aside Final Settlement of Administrator's Accounts.*

*Final settlement of administrator's accounts, rendered in 1864, and executed.* — A decree of the probate court, rendered in August, 1864, on final settlement of an administrator's accounts, will not be set aside and vacated, on the ground that it was rendered by a rebel court, and ordered distribution of Confederate bonds and assets, when it appears that the distributee who complains of it, being under no legal disability at the time, accepted payment in such funds, and gave a receipt in full satisfaction of the decree in his favor, and that the court, on the filing of said receipt, entered satisfaction of the decree, and discharged the administrator from further accountability.

APPEAL from the Probate Court of Choctaw.

In the matter of the estate of William Hawkins, deceased, on the application of Mrs. Delia M. Morgan, who was the widow of said intestate, to set aside a decree rendered by said probate court on the 5th August, 1864, on final settlement of the accounts of S. E. Catterlin, the administrator; which decree was in the following words : " This day comes up for final action and decree, according to previous order of the court, the account current and vouchers heretofore filed by S. E. Catterlin, administrator of the estate of.William Hawkins, deceased, for a final settlement of said estate. Now comes the said administrator, and moves the court to proceed with said settlement, and that said account be passed and allowed ; and it being shown to the satisfaction of the court, that at least three weeks' previous notice of this settlement has been given, by posting notices on the court-house door and three other public places in the county, and the interest of the said minor heirs of said estate being represented in open court by B. H. Warren, as guardian *ad litem ;* the court now proceeds to consider said account and vouchers, and the proof adduced, for allowance and decree. Whereupon, it appearing to the satisfaction of the court that the said account is legally stated and vouched, as it now stands, it is therefore ordered and decreed, that the same be passed, allowed, recorded, and filed, as a final settlement of said estate ; whereby it appears, that the said administrator has received, and is charged with, assets as follows, to wit : the sum of twelve thousand nine hundred and forty-eight dollars, in cash and Confederate bonds, and that he has paid out and expended on the just debts of said estate, including court fees, and commissions allowed administrator, the sum of six thousand five hundred and fifty-two $\frac{93}{100}$ dollars, for which he produces proper vouchers, thus showing a balance in his hands for distribution amounting to six thousand three hundred and ninety-five $\frac{7}{100}$ dollars (twelve hundred and ninety-five dollars being cash, and five thousand and one hundred dollars being Confed-

erate States bonds) ; said amount to be divided among the following heirs and distributees of said estate, to wit : estate of John Hawkins, Moses Whitted, administrator, Rebecca Noble, wife of Daniel Noble, Almance Case, wife of John B. Case, Mary A., wife of Alfred Keel, Margaret, Ben, Elizabeth, Walton, and Ann Howler, to receive one half of said amounts for distribution ; and Delia M. Morgan, wife of James C. Morgan, to receive the remaining half of said estate ; for which amounts execution against the goods and chattels, lands and tenements of said administrator may issue, in favor of the parties aforesaid, distributees. The aforesaid first named seven heirs' and distributees' half being three thousand one hundred and ninety-seven $\frac{53}{100}$ dollars, it is ordered and decreed, that said amount be equally divided among them ; which, when equally divided, gives to each heir the sum of four hundred and fifty-six $\frac{79}{100}$ dollars, for which, as above directed, execution may issue in their favor ; and for the remaining half of said amounts, being the sum of three thousand one hundred and ninety-seven $\frac{53}{100}$ dollars, execution may issue, as above directed, in favor of the said Mrs. Delia M. Morgan."

The record does not show when the petition to set aside this decree was filed, but it was heard on the 14th August, 1870. The grounds for setting aside the decree were thus stated in the petition : " 1. Because said decree is vague and uncertain. 2. Because said decree is rendered upon Confederate bonds and assets, and execution ordered to issue for the collection of Confederate bonds and assets. 3. Because said decree was not rendered by any court of competent jurisdiction, nor by any legal and competent judge of said probate court. 4. Because said settlement is illegal and void."

On the evidence adduced, the court set aside the final settlement ; to which the administrator excepted, and which he now assigns as error.

WATTS & TROY, with THOS. COBB, for the appellant.

W. BAILEY, contra.

B. F. SAFFOLD, J. — The appeal is taken from a decree of the probate court vacating a final settlement, which the appellant, as administrator of the estate of William Hawkins, had made on the 5th of August, 1864. The application to set aside the settlement was presented by the appellee, as the widow of the intestate, and she does not appear to represent any other than her own interest in the estate. The grounds of objection alleged in the petition are : 1st, that the decree is vague and uncertain ; 2d, that it was "rendered upon Confederate bonds

and assets, and execution ordered to issue for the collection of Confederate bonds and Confederate assets;" 3d, that the "decree was not rendered by any court of competent jurisdiction, nor by any legal and competent judge of said probate court."

The decree finds the amount with which the administrator was chargeable, and the amount expended by him. The balance against him is also found to consist partly of cash and partly of Confederate bonds; and distribution of the same is made, with direction for execution to issue in favor of the distributees respectively. It appears that the administration was commenced prior to the late war, and that the balance above mentioned was the proceeds of property of the estate sold by the administrator. No circumstances of the reception of the Confederate funds are shown. But, on the 13th of September, 1864, about five weeks after the final settlement was made, the petitioner, in consideration of the amount of the decree in her favor paid to her, gave a receipt to the administrator in full satisfaction of the decree. This receipt is signed with the present name of the appellee; but it nowhere appears in the proceedings whether, when she gave it, she was a *feme sole* or a married woman. Upon the presentation of the receipt to the court, it was ordered to be filed as a full payment and satisfaction of the decree, from which the administrator was formally pronounced discharged.

In *Griffin* v. *Ryland* (45 Ala. 688), the final settlement of executors made in 1864, and fully carried into effect, was held not to be void, because of the rebel character of the court. In *Houston* v. *De Loach* (43 Ala. 364), the liability of guardians for the property which they converted into Confederate currency, or bonds, was held to depend upon the merits of each case, in view of all the circumstances affecting it. In *Ponder* v. *Scott* (44 Ala. 241), the acceptance of payment of a debt in Confederate currency by the owner, in his own right, and not in a fiduciary capacity, was said to extinguish the debt. These authorities seem to be decisive of error in the decree appealed from. The decree is reversed, and the cause remanded.