# High *v.* Snedicor *et al.*

# High *v.* Glover *et al.*

*Bill in Equity to Surcharge and Falsify Guardian's Accounts, &c.*

1.  *Acquiescence by ward, for more than two years, in final decree of probate court on guardian's final settlement.*—Where a probate court, having jurisdiction of the subject matter, and parties, rendered a final decree in 1864, on a guardian's final settlement, the proceedings conforming to all the material requirements of the statutes, and the ward, who then was of age, acquiesces in it for more than two years, she can not afterwards maintain a bill to surcharge and falsify the guardian's accounts, &c., without averring and proving that the decree was unjust, and was brought about by the fraud or act of the opposite party, or by accident, unmixed with negligence or fault on her part.

2.  *Bona-fide payment in Confederate money to administrator for debt due the estate.*—The payment in good faith to an administrator of Confederate treasury notes, in satisfaction of a debt due the estate, in the absence of all fraud and collusion between the administrator and the party making the payment, discharges the debt, and cuts off all remedy against the debtor for its collection.

3.  *Proceedings during the war; validity of.*—Proceedings and judgments had in the courts of this State, during the late war, are not invalid for that reason.

APPEAL from Chancery Court of Hale.

Heard before the Hon. A. W. DILLARD.

In 1858, V. Gayle Snedicor was appointed guardian of Bettie J. High, (the complainant and appellant), by the

[High v. Snedicor et al.; High v. Glover et al.]

Probate Court of Greene county. Defendant had made certain settlements of his guardianship, and in 1858 he filed a petition in the Probate Court aforesaid, for an order to sell the complainant's land. An order for sale was granted, and said land was sold. At said sale, one Williamson A Glover purchased the land at $5.80 an acre, and executed his three promissory notes therefor, due respectively in one, two and three years, with interest from date, and went into possession of said lands. The guardian, Snedicor, collected the first note prior to the war, and charged himself therewith, in his annual settlement in 1860, and on the 12th July, 1863, reported to the Probate Court of Greene county, that Williamson A. Glover had not paid the two last land notes. On the third of August, 1863, said guardian reported to said court that he had invested $3,850 of his ward's funds in eight per cent. Confederate bonds, and that on the 10th of March, 1864, he reported that he had invested $2,700 of the funds of said ward in Confederate bonds and interest-bearing notes. In June, 1864, said guardian made final settlement with said Probate Court. The bill alleges that in said account he was allowed a credit for said Confederate bonds as though they had been ordinary disbursements of money; that in consequence of this loose and unwarranted manner of stating said account, said settlement, instead of showing a balance due to complainant, and enabling the said court to render a moneyed decree in her favor, as should have been done, showed a balance of $36 in favor of the guardian; that said Confederate· bonds were .deposited with the judge of said Probate Court,. and never were received by complainant. It also avers that, on 17th October, 1864, said guardian reported to said Probate Court that his ward, the complainant, was of lawful age, and that said court thereupon made an order releasing and discharging him from further responsibility as such guardian. It also avers, that Williamson A. Glover paid the two last land notes in Confederate treasury notes to said guardian, and that on the receipt of the same the guardian reported payment of all the purchase money of the land to the said Probate Court, and prayed for an order for him to convey title to the purchaser; that no order to make a title was made by said court, and no deed was ever made by the guardian. It also avers, that said purchaser remained in possession of the lands until the 7th October, 1867, when W. R. Hardaway, the sheriff of Greene county, under an execution issued from the Circuit Court of said county, sold the east fractional half of section 12, township 19, range 2 east, situated in the afore-

·said county, at public sale ; and that James L. Alcorn, of the State of Mississippi, became the purchaser of said land at this ·sale ; that in April or May, 1870, R. W. Healy, United States Marshal of the Southern District of Alabama, under a mandate from the Circuit Court of the United States for the State ·of Alabama, sold at public sale, in Mobile, for cash, to satisfy a decree of said court against Williamson A. Glover, all his right, title and interest in the north half, east half of southeast quarter, west half of southwest quarter, and the northeast quarter of section 7, township 19 north, range 3 east, situated in said county of Greene, and that the purchaser, either directly or through other persons, at said sale, was Mrs. Zodic Glover, wife of Williamson A. Glover, junior, and these lands were the same as were sold by complainant's guardian. All these purchasers were before the court. The bill avers, that ·complainant never received the Confederate bonds deposited in 1864 with the probate judge of Greene, nor in any way ratified the conversion of her funds into such bonds, nor the deposit of the same with said Probate Court, which was not a lawful court; and that said guardian fraudulently abused the trust reposed in him, to use complainant's money and to repay himself in worthless Confederate treasury notes and bonds, greatly to his own advantage and to the injury of complainant. 'The prayer of the bill is, that the said settlements, annual ·and final, be vacated, as being *coram non judice;* that said account be surcharged and falsified; that the said guardian be charged with and made to account for the amount of good funds received by him and converted to his own use, for an account before the register of all such matters ; that the report of the payment of the two last land notes be annulled, the delivery of said notes to the purchaser held for naught; that an account be taken of such sum of money as is now due on ·said notes; that such sum, when ascertained, be paid in United States currency to complainant, and that payment be enforced by decreeing a vendor's lien against said lands now :in the possession of James L. Alcorn and Mrs. Zodie Glover, wife of W. A. Glover, junior. There is also the usual prayer ·for general relief. The bill avers, that V. Gayle Snedicor, · the guardian, is insolvent ; and prays that the sureties on his bond may be decreed to pay such sums as may be found to be due complainant by said guardian. The case was brought ·up on demurrers. All the defendants filed demurrers, on ·various grounds, the sense of which may be gathered from ·the opinion. The cause being submitted on the demurrers, ·they were all overruled, excepting the one filed by the sureties

of Snedicor, setting up the statute of limitations of six years as a bar to complainant's suit. The ruling of the court sustaining said demurrer is now assigned as error by appellant.

[There were two appeal cases that grew out of the facts here presented, under the ruling of the chancellor, one being styled *High v. Glover et al.*, and the other the case before us. As both were embraced in the same record, the assignments of error were considered together.]

B. CRAWFORD, for Bettie J. High.—1. The chancellor erred in dismissing the bill as to the sureties of V. G. Snedicor, as guardian. To do this, he attacked the case of *Coleman v. Holmes*, 44 Ala. 124. As this case of *Coleman v. Holmes* has been repeatedly recognized by this court, and as this error of the chancellor is apparent on the construction of the Revised Code, I will not further argue it.

2. The statute of six years only ran from final settlement. *Rivers v. Flynn*, 47 Ala. 481. If there was a settlement in 1864, in Alabama Probate Court, the six years only began to run from 21st September, 1865, and the bill was filed 18th August, 1870, which was within six years from the 21st of September, 1865.

JAMES E WEBB, for Snedicor and his sureties.—1. The demurrer filed by Snedicor's sureties clearly and distinctly presented the point, that the bill in this case was not filed in the time allowed by sections 2274 and 2275 of the Code. Those sections prescribe a statute of limitations for such proceedings, though the time from 11th of January, 1861, to 21st September, 1865, is not to be computed.—(44th Ala. 124, 319.) Yet this bill was not filed until 18th August, 1870, more than two years after the statute began to run; and the complainant was twenty-one years of age on the third of May, 1864. That this defense is available on demurrer, see *Ansley's Administrator v. King's Administrator*, 35 Ala. 278. On this point, the court in that case expressly ruled, and refused to remand the cause for amendment; and to the same effect is the decision in *Baldwin & Starr v. Mallett, Adm'r*, at June term, 1874. Section 2275 excepts infants and persons of unsound mind only from the operation of section 2274. If the complainant was a married woman on the 21st September, 1865, (which she *was not*—see paragraph one of amended bill), her coverture would not intervene to stop the statute of limitations as to her statutory separate estate. Revised Code, 2910, and *Fleming v. Gilmer*, 35 Ala. 63.

2.   The sixth ground of demurrer to the bill should have been sustained.   It presents this question, that the bill does not charge any fraud in making said final settlement as a ground for coming into a court of equity to have it set aside; but the bill, as will be seen by its inspection, and the chancellor's decree also, proceeds upon the theory that the final settlement, made in 1864, was *coram non judice* and void; that there never was any valid final settlement, because of the rebel character of the Probate Court of Greene in 1864. That theory has long since been dissipated in the cases of *Parks, Brewer & Co. v. Coffey* and *Riddle v. Hill*, 52 Ala. 32.

WATTS & SONS, for Snedicor.—1. The case of *Warring v. Lewis*, decided at the present term of the court, is conclusive of the main points of this case.   The final settlement made in June, 1864, after the complainant arrived at age, is conclusive on her of all matters affecting the guardian or his sureties.   That settlement is made a part of the bill as an exhibit.   Its statements, unless negatived or modified by the allegations in the body of the bill, are to be taken as true. See *Minter & Gayle v. Bank*, 23 Ala.   This record of the settlement shows that the complainant was then of full age, and that she had the notice which the bill required.   This judgment is conclusive of all the points she makes in her bill. See *Warring v. Lewis, supra.*   The bill was not filed until ten years nearly had elapsed after this settlement.   She was bound to file her bill within two years under the statute. But she does not show such a case as would authorize her to file bill under the statute, even if she was not barred.   The chancellor decided that the trustees were released by lapse of time.   Whether this be true or not, will make no difference, if there be any good ground on which the bill could have been dismissed as to the guardian or his sureties.

2.   All the questions made as to the investments in Confederate money are settled in the final settlement made in June, 1864, and they can not now be revived in the Chancery Court.—See *Warring v. Lewis*, January term, 1876.

3.   There is no allegation in the bill showing any fraud of the guardian, there is nothing showing a want of good faith or want of reasonable prudence, or the collection of Confederate money, or in the investment in Confederate securities. — See *Warring v. Lewis, supra; Key v. Jones*, January term, 1875.

ENOCH MORGAN, for Williamson Glover.—1. All the legal

steps required to complete the sale and vest the legal title in the purchaser, have been taken, and are vouched for and verified by the records of a court which had jurisdiction, and until that record is annulled in a proper proceeding it stands for the protection of the purchaser at guardian's sale, and of all persons claiming under or through him, *and is conclusive.* 28 Ala. 180, 181; 29 Ala. 96.

2. Public policy requires every intendment and presumption to be made in support of judicial sales (29 Alabama, 553, 554), even when the motion to set aside the sale is made in the court which ordered it.—41 Alabama, 40. Here was no want of jurisdiction in the Probate Court apparent in the proceeding as in the case of *Moody v. Tuthill,* 45 Ala. 654, 655; nor is there any fraud or flaw apparent on the face of the various proceedings and deeds constituting the chain of title from the complainant to Mrs. Glover, as in *Johnston v. Thweat,* 18 Ala. 747, on which *Mosely v. Tuthill* rests. The chain of· title is legal, regular, and complete on its face. The link in Mrs. Glover's chain of title which is attacked by complainant is the guardian's report, in 1863, of the payment of the purchase money in full. The bill alleges that the payment, reported in 1863, was in Confederate money or securities, and asks that the report be annulled.

3. The payment in Confederate money does not appear by the *record,* but rests solely in *allegation* and *proof* which *contradict the record.* The record imports absolute verity, and all parties to it are estopped from disputing its correctness.—29 Ala. 96; 46 Ala. 322. The case in 46 Alabama, 322, is, in its facts, almost this precise case, and the Supreme Court says that the Probate Court in ordering a conveyance to be made to the purchaser *necessarily determines that the purchase money has been paid;* and in affirming the ruling of the Circuit Court in including evidence that the payment was in Confederate money, hold that the title of plaintiff had been divested by the proceedings in the Probate Court, and could only be restored in equity, on the grounds for which judgments may be impeached.

STONE, J.—The bill in this cause was filed on the 18th · day of August, 1870, by appellant, against V. Gayle Snedicor, her former guardian, and others. It assails the correctness of the final settlement of the guardian, made on the 16th day of June, 1864, and seeks to surcharge and falsify the account, together with other matters of relief prayed. There is no charge of. fraud or bad faith in the making of

the settlement, or of any irregularities therein. The complainant attained to lawful age on the third or fourth of May, 1864, and we do not find that any material requirement of the law, governing such settlements, was not conformed to. The account current was filed in the Probate Court, an order made setting a day for the hearing, notice given by publication in a newspaper, the cause taken up and decided at the term specified in the notice, and a formal decree rendered, all in compliance with the rules prescribed by law. The complainant acquiesced in the decree for more than six years, and then filed this bill.

1. The Probate Court of Green, in which the guardianship was granted, and in which it was settled, had jurisdiction of the subject matter, and of the persons concerned in the settlement. Having rendered a final decree, which was acquiesced in for more than two years, the Chancery Court has no jurisdiction to retry the questions presented, unless it be shown by averments, either admitted or proved, that the judgment is unjust; and it must be made to appear that such injustice was brought about by fraud or the act of the opposite party, or by accident, unmixed with negligence or fault on her part.—*Allman v. Owen*, 31 Ala. 167; *Moore v. Lesneur*, 33 Ala. 237; 1 Brick. Dig. 666, § 376.

2–3. We suppose the particular grounds on which this bill was filed, were, *first,* because the final decree was rendered in 1864, during the war, by what has been termed a rebel or insurrectionary court, whose judgments, it was contended, were not legally binding; and, *second,* because payment for the lands, by Glover, the purchaser, was made in Confederate money. This, it was contended, did not extinguish the debt. These several objections have been severally and thoroughly considered by this court, and have been definitely settled adversely to the purposes of this bill. *Cathrlin v. Morgan,* 50 Ala. 501; *Houston v. DeLoach,* 43 Ala. 364; *Parks v. Coffey,* 52 Ala. 32; *Warring v. Lewis,* 53 Ala. 615.

If the complainant was not, for reasons stated above, precluded from going behind the final decree rendered in the Probate Court, she has probably made a case for relief against the guardian for the moneys found in his hands at the settlement of April 10, 1860. The proof fails to show a justifiable conversion of that sum into Confederate securities.—See *Ferguson v. Lowery,* 54 Ala. 510,; *Hann v. Lockhart,* 17 Wal. 570. She fails, however, to bring herself within any rule which would entitle her to relief on that ground.—See *Allman v. Owen, supra.*

We have repeatedly held that the receipt by an executor, administrator or guardian of Confederate money or securities, if done in good faith, discharges the debt.   There is neither averment or proof of fraud, collusion, or bad faith in the receipt of payment from Glover.

The bill in the present case contains no equity, and the demurrer of the defendants in the court below should have been sustained.   And this court, proceeding to render the decree which the Chancery Court should have rendered, doth hereby order and decree that the decree of the Chancery Court, overruling the demurrer to the bill, is reversed, and the bill dismissed at the costs of Mrs. High in the court below and in this court.

There is no error in the record prejudicial to Mrs. High, and her appeal must fail at her costs.