CLOPTON, J.
The bill was filed by appellants, to compel A. W. Deens to an account and settlement as guardian of the estate of the appellant, Lorena Orumpler. The bill does not seek to re-open a settlement made by the guardian, on the special ground, that injustice was done complainants by accident, surprise, fraud, or by the act of the guardian without fault or neglect on their part; nor is it filed under the statute, for the correction of errors of law or fact, which intervened in the final settlement. It makes no allusion whatever to any settlement in the Probate Court. Its general equity rests on the original jurisdiction of chancery, concurrent with that of the court of probate, of the settlement of guardian’s accounts. Among other defenses, Deens sets up in bar of the bill, that on December 30, 1884, he *? made a final settlement of Ms guardianship in the Probate Court, from which he derived his appointment. The complainant married in the fall of 1884, and on December 1, 1884, the guardian filed his accounts for the hearing; of which a day was set, notices were given, and the final settlement made, all the proceedings appearing to be regular, and in accordance with the statutes.
The marriage of Mrs. Crumpler terminated the relation of guardian and ward, and the authority and duty of the guardian, who was required thereupon to make a final settlement of the guardianship. — Code, 1876, §2772. The Probate Court had jurisdiction of the subject-matter, and of the parties interested in the settlement. A final decree was rendered in favor of the complainants, for Mrs. Crumpler’s portion of the assets in the hands of the guardian. The complainants could have compelled the guardian to account, on his final settlement, for the bonds now alleged to have been lost by Ms negligence. The decree of the court of probate, rendered on the final settlement, was conclusive on the parties; and a court of equity will not re-open the settlement, except on averments and proof of the special grounds of equitable interposition, which authorize interference with the judgments of other courts of record, or for the correction of errors of law or fact. — Waldrom v. Waldrom, 76 Ala. 285; Bowden v. Perdue, 59 Ala. 409; High v. Snedicor, 57 Ala. 403. A Chancery Court will not take jurisdiction of the settlement of a guardian’s accounts, after proceedings for that purpose have been already commenced in the Probate Court, and especially after final settlement made, unless special ground of equity is averred and shown. The final settlement of the guardian in the Probate Court was a complete bar to the bill, as framed.
The gravamen of the bill is, that on the final settlement of John B>. Salter, who was the predecessor. of Deens as guardian, the court ordered Mm to turn over to the latter four State bonds of one thousand dollars each, which the former had received as the guardian of Mrs. Crumpler and her brother; that by some arrangement between Deens and Salter, the latter was permitted to retain the bonds, until he and his sureties became insolvent; and that Deens, by the use of due diligence, could have recovered them. If no final settlement had intervened, and Deens was [now called for the first time to account and settle, the complainants have failed to establish a liability for the bonds converted by the former *152 guardian. A guardian is bound to bring to the discharge of his duties that degree of skill and diligence, which an ordinarily prudent man bestows on his private affairs, and is chargeable with the amount judicially ascertained to be due by his predecessor, and with the value of the property ordered to be turned over by him, if the same could be collected or recovered by reasonable diligence in the use of legal remedies, or by personal effort. — Wilkinson v. Hunter, 37 Ala. 268. The evidence clearly axid satisfactorily shows, that the bonds had been disposed of by the former guardian sometime prior to his final settlement, and placed beyond the reach of his successor. It further shows, that Deens commenced, immediately after the settlement, to make efforts to obtain possession of the bonds, and to learn where they were; that he employed counsel for this purpose, and used extraordinary diligence; and that at the time of the final settlement of Salter, he and all his sureties were, and have ever since been insolvent. A succeeding guardian is not a guarantor of the solvency of his predecessor and his sureties. It is difficult to see what Deens could have done more than he did. The evidence fails to show any just ground, why Deens should be held responsible for the bonds, even if no final settlement had been made, or that complainant suffered any injustice in the final settlement.
Affirmed.