181 So. 748

HINES, Administrator of Veterans Affairs,
v. DOLLAR.

6 Div. 223.

Supreme Court of Alabama.

May 12, 1938.

Rehearing Denied June 16, 1938.

J. B. Davis and Wm. M. Kelly, both of Tuscaloosa, for appellant.

J. Kirkman Jackson, of Birmingham, for appellee.

THOMAS, Justice.

The appeal and assignment of errors challenge the amount of the allowance to a guardian as compensation for extraordinary services rendered in the administration of a veteran's affairs and in the estate of Joseph L. Vaughan, adjudged of unsound mind.

The allowance of attorney's fees from the estate of wards was recently given extended discussion and consideration in the case of Frazer, as Guardian, v. First Nat. Bank of Mobile, Ala.Sup., 178 So. 441, and the pertinent authorities from this jurisdiction are there collected. It is not necessary to further discuss the same at this time.

It is the duty of a guardian to marshal the assets of the ward, including those from a predecessor in office, and a guardian is chargeable with such assets which he could have collected with the exercise of due diligence. Dumas v. Hollins, 228 Ala. 644, 154 So. 781. To that end, the guardian must discharge his duties with the degree of skill and diligence which an ordinarily prudent man similarly circumstanced would bestow on his private affairs. Crumpler v. Deens, 85 Ala. 149, 4 So. 826.

It was declared in O'Neill v. Donnell, 9 Ala. 734, 738, by Mr. Justice Goldthwaite that, "With respect to the other claims, we are not prepared to say the Orphans' Court is restricted in the allowance of specific charges for services rendered the estate. Such charges are perhaps the exception, and not the rule. Whenever they are brought forward, it is doubtless the duty of the court to scrutinize them with a jealous and watchful eye, and they never should be allowed for the ordinary duties of an administrator. If by this means their compensation is to be increased, there is no foreseeing the evils which may be introduced."

It will not be necessary to say more than that the allowance of $500 is excessive. The amount is reduced to $250, as a reasonable amount for all extraordinary and special services rendered this ward's estate.

The judgment of the probate court is corrected.

The costs of this appeal are taxed against the appellee.

Corrected and affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.